IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-210-BO

| | |
|---|---|
| VALDA RICHARDS ON BEHALF OF ) | |
| E.R.T.S (MINOR), ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's motion for judgement on the pleadings [DE 18] and the government's motion for judgement on the pleadings [DE 19]. A hearing was held before the undersigned on May 20, 2022 in Edenton, North Carolina. For the reasons that follow, plaintiff's motion is GRANTED and the government's motion is DENIED.

## BACKGROUND

Plaintiff brought this action on behalf of her minor grandson, E.R.T.S., under 42 U.S.C. § 405(g) for review of the Commissioner of Social Security's denial of plaintiff's application for supplemental security income (SSI). Plaintiff filed an application for SSI on June 1, 2017, alleging that he became disabled on August 28, 2016. Plaintiff's application was denied initially on August 25, 2017 and upon reconsideration on March 1, 2018. Plaintiff appealed the denials and, after a video hearing before an administrative law judge ("ALJ"), plaintiff's claim was again denied. The denial became final on October 19, 2020. On November 12, 2020, plaintiff filed the complaint in this case. E.R.T.S was born on September 19, 2012 and was about four years old on the alleged date of onset.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

A person under the age of 18 will be considered to be disabled under the Social Security Act if that person has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of twelve months or more. 42 U.S.C. § 1382c(a)(3)(C)(i). In assessing a childhood SSI claim, an ALJ engages in a three-step sequential evaluation as provided in 20 C.F.R. § 416.924. An ALJ must consider the "whole child" when assessing disability. *See* SSR 09-1p.

At step one, the ALJ determined plaintiff had not engaged in substantial gainful activity since his application date. At step two, the ALJ found that E.R.T.S. had the following severe impairments: attention deficit hyperactivity disorder (ADHD); and adjustment disorder, and mixed disturbance of emotions and conduct. At step three, the ALJ determined that E.R.T.S did not meet, medically equal, or functionally equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ went on to find that E.R.T.S. did not have an impairment or combination of impairments that functionally equaled the severity of the Listings.

In determining whether a claimant has an impairment or combination of impairments which functionally equals the Listings, an ALJ considers the claimant's functioning in six domains: acquiring and using information, attending and completing tasks, interacting and relating

2

with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. 20 C.F.R. § 416.926a. To functionally equal the Listings, a claimant must be found to have either "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* A limitation is considered "marked" if it is more than moderate but less than extreme, and a limitation is "extreme" when it is determined to be more than marked. *Id.* Here, the ALJ found that E.R.T.S. had (1) less that marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) a marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care fore himself, and (6) no limitation in health and physical well-being. Based on the ALJ's determination that plaintiff did not have marked limitations in two domains of functioning or extreme limitations in one domain of functioning, the ALJ found plaintiff not to be disabled as of the date of his decision.

Plaintiff argues that E.R.T.S. does have marked limitations in acquiring and using information, in attending and completing tasks, and in caring for himself. Plaintiff also argues that E.R.T.S. has extreme limitations in interacting and relating to others. Plaintiff argues that the ALJ cherry-picked information from the medical record in order to make a finding of not disabled and that the ALJ failed to address all of E.R.T.S.'s impairments.

The Court finds that the ALJ in this case failed to take the "whole child" approach and instead cherry-picked anecdotes of the child's improvement from the record in order to find that E.R.T.S. did not have marked limitation in more than one category. For example, the ALJ found that "the medical evidence does not establish that the E.R.T.S. impairment(s) . . . meets or equals the in severity the criteria of a listed impairment." Tr. 's 16. However, plaintiff's grandmother testified that E.R.T.S. has extreme behavioral problems and extreme issues with interacting with

3

classmates and staff at his school. The grandmother acknowledged that plaintiff's extremely detrimental behavior would sometimes improve for a short period of time with medication change, but that the marked limitation in self-regulation would always return. E.R.T.S. does not show affection and has no interest in interacting with other children. E.R.T.S. has attacked his young cousin, throws things at other peoples, and screams and his grandmother. The ALJ's conclusion that plaintiff had only marked limitation in this area relied on cherry-picked information.

E.R.T.S. has also reported marked difficulty retaining academic information and needs multiple presentations of the same information over a session in order to retain it. He has struggled to work independently and is barely able to achieve grade level in English and math. His grandmother reports that he cannot read simple words, sentences, or spell most 3-4 letter words. In determining that plaintiff did not have marked limitation in acquiring and using information, the ALJ failed to adequately consider the medical records from testing done by Washington Pediatrics. This testing diagnosed E.R.T.S. with severe receptive language delay and mild expressive language delay; and found that he had genuine difficulties with speech and writing tasks and trouble with orally-presented math problems, and clinically significantly low T-scores. Tr. 401-402. His teachers reports that he has problems focusing over a period of time and frequently disrupts ongoing classroom activities.

The ALJ also failed to adequately consider E.R.T.S.'s academic record when making a finding about his ability to follow tasks and relate to others. E.R.T.S. had 21 incidents at his school between July 2018 to October 2019. He repeatedly attacks teachers and students. He does not have friends his age and cannot make new friends. The other children are reportedly afraid of E.R.T.S. He has been repeatedly suspended, but the school gave up on out-of-school suspensions when E.R.T.S.'s behavior did not improve.

4

The record also shows that plaintiff has difficulties caring for himself. He won't bathe himself, can't dress himself, and won't wipe himself after using the bathroom. Plaintiff's inability to get along with others and follow directions has a direct impact on his ability, as a young child, to learn to and ultimately care for himself.

In sum, the Court finds that the ALJ cherry picked information from the record to support her denial decision.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ's decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgement on the pleadings [DE 18] is GRANTED. The government's motion for judgement on the pleadings [DE 19] is DENIED. The decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits.

SO ORDERED, this 24 day of July, 2022

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE